UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS, et al., | Case No. 14-cv-03687-TEH |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |
| BACKHOE DISPATCH 24/7, INC., et al., | |
| Defendants. | |

Defendants BACKHOE DISPATCH 24/7, INC., a California Corporation; DAVID JOHN HOURIGAN, an Individual (collectively "Defendants"), having failed to plead or otherwise defend in this action and their default having been entered:

It is hereby ORDERED, ADJUDGED AND DECREED that Plaintiffs' motion for default judgment is GRANTED IN PART.  Defendants shall promptly pay to Plaintiffs the sums for contributions, liquidated damages and interest on unpaid and late-paid contributions, and attorneys' fees and costs, under the terms of the Bargaining Agreements and Trust Agreements, as amended and referenced therein, as follows:

| Work Month | Unpaid Contributions | 20% Liquidated Damages | 10% Interest (thru 3/10/15) | Subtotals |
|---|---|---|---|---|
| August 2013 | $1,347.90 | $269.58 | $196.47 | $1,813.95 |
| | | | | |
| Unpaid Contributions, Liquidated Damages & Interest (8/13; breakdown above): | | | | $1,813.95 |
| 10% Liquidated Damages on Prior Late-Paid Contributions (5/13, 7/13, 12/13, 1/14): | | | | $782.20 |
| 10% Interest on Prior Late-Paid Contributions (5/13, 7/13, 12/13, 1/14): | | | | $84.95 |
| SUBTOTAL: | | | | $2,681.10 |
| Attorneys' Fees (8/14/14 through 3/17/15): | | | | $2,211.00 |
| Costs (8/14/14 through 3/17/15): | | | | $622.21 |
| Additional Attorneys' Fees (Estimated in connection with the finalization and filing of Plaintiffs' Motion, and with the preparation for and attendance at hearing on Motion: | | | | $1,080.00 |
| GRAND TOTAL: | | | | $6,594.31 |

United States District Court
Northern District of California

1      The Court recognizes that the above amount is less than the amount requested in

2 Plaintiffs' motion. *See* Mot. at 2 (Docket No. 22). However, all of the monthly

3 contribution amounts requested in the motion, except for the contributions from August,

4 2013, are estimates from a formula based on the reported hours from past months, rather

5 than contributions based on employee hours recorded during that month. *Id*. at 4. As a

6 result, the vast majority of Plaintiffs' requested relief is derived from months for which the

7 number of employee hours is unknown, and could even be zero. Plaintiffs have failed to

8 prove up the damages requested. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. 06-

9 cv-3594-JSW, 2007 WL 1545173, at *12, *14 (N.D. Cal. May 29, 2007). As ordered

10 below, however, Plaintiffs are entitled to an audit of Defendants' records, and may submit

11 further proof of damages in the future.

12      It is further ORDERED that interest shall continue to accrue at a rate of 10% per

13 annum on unpaid contributions ($1,347.90) from March 11, 2015, until paid, and at post

14 judgment interest rates on the balance of the judgment ($5,246.41).

15      It is further ORDERED that Defendants comply with an audit of their records, if

16 requested by Plaintiffs. Plaintiffs may submit the results of such an audit, along with other

17 declarations, in support of a future motion to amend the judgment.

18      The Clerk shall enter judgment and close the file. However, the Court will retain

19 jurisdiction over this matter so that Plaintiffs may, if appropriate, file a motion to amend

20 the judgment following the audit.

21

22

23 **IT IS SO ORDERED.**

24

25 Dated: 04/14/15            _____

26                                THELTON E. HENDERSON
                               United States District Judge

27

28

2